UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| LEVANTE WASHINGTON,<br><br>                      Plaintiff,<br>v.<br><br>EDWARD J. STEVE, JOHN LOMBARDO,<br>JP MORGAN CHASE BANK, and FEDERAL<br>DEPOSIT INSURANCE CORPORATION,<br><br>                      Defendants. | Case No. 13-CV-343-JPS<br><br><br><br>ORDER |

       The plaintiff, Levante Washington, filed a *pro se* complaint on March 25, 2013. (Docket #1). He simultaneously filed a motion for leave to proceed *in forma pauperis.* (Docket #2). In his complaint, Mr. Washington claimed that he applied for a job at JP Morgan Chase Bank, N.A. ("Chase") through a staffing agency. (Docket #1, at 3). Chase allegedly declined to hire him as a result of a prior felony conviction. (Docket #1, at 3). Under Section 19 of the Federal Deposit Insurance Act, 12 U.S.C. § 1829 ("Section 19"), Chase would likely have been subject to significant punishment had it hired Mr. Washington, as Mr. Washington's crime of armed robbery was a "crime of dishonesty" and neither Mr. Washington nor the bank had received a waiver from the Federal Deposit Insurance Corporation ("the FDIC") to allow Mr. Washington to work in a bank in spite of his criminal history. After Chase declined to hire him, Mr. Washington applied to the FDIC, who is also a named defendant in this case, for a waiver that would allow him to work in a financial setting. (Docket #1, at 4). Mr. Washington did not receive a decision on his waiver application and, therefore, filed this case, asserting that Chase and the FDIC (along with agents for both parties) had violated his civil rights and due process. (Docket #1, at 4).

The Court examined Mr. Washington's complaint and determined that it was not frivolous or malicious and, therefore, allowed Mr. Washington to proceed *in forma pauperis.* (Docket #4). Mr. Washington's complaint was served on the defendants.

Thereafter, the FDIC requested a stay of the proceedings to allow it to review Mr. Washington's application. (Docket #9). Apparently, because Mr. Washington's application for a Section 19 waiver was incomplete, in conjunction with inadvertent neglect on the FDIC's part, the FDIC had never formally reviewed Mr. Washington's application. (Docket #9, at 1). The Court granted the requested stay. (Docket #13). Apparently, while the stay was pending, the FDIC reviewed Mr. Washington's application and was prepared to deny it. (*See* Docket #34, Ex. 1). However, just before the FDIC entered its final decision, Mr. Washington withdrew his application from further consideration. (Docket #36, Ex. A).

At the expiration of the stay, the FDIC reported back to the Court that Mr. Washington had withdrawn his application, and thus it anticipated that Mr. Washington would withdraw his complaint. (Docket #20).

That did not occur. Instead, Mr. Washington waited approximately a month and then filed a motion for injunctive relief and a pretrial conference. (Docket #21).

Mr. Washington's refusal to dismiss his case ultimately necessitated that the defendants take some further action. Thus, Chase[1] moved to dismiss Mr. Washington's complaint pursuant to Rule 12(b)(6) of the Federal Rules

---

[1] The Court refers to Chase and its defendant agent, Edward Steve, jointly as "Chase" for the balance of this order.

of Civil Procedure. (Docket #27). The FDIC,[2] likewise, filed a motion seeking dismissal of the complaint under either Rule 12(b)(1) or Rule 12(b)(6) or, in the alternative, for summary judgment under Rule 56. (Docket #23). Mr. Washington responded to those motions. (Docket #33, #34). Thereafter, he filed two additional amended briefs (Docket #37, #40) that are not properly before the Court, because Mr. Washington did not receive leave of the Court to file them, but which the Court has nonetheless reviewed. The defendants filed their reply briefs. (Docket #36, #38). The matter is, thus, fully briefed, and the Court turns to addressing it.

Because the defendants seek different forms of relief, and because the potential claims against each are slightly different, the Court will address the two parties' motions separately. Before proceeding, the Court also notes that it has reviewed Mr. Washington's complaint liberally, as it must because he filed his complaint *pro se. Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). Doing so, it—along with the defendants—has identified a number of theories under which Mr. Washington may be proceeding. Even applying that liberal construction and searching for theories under which Mr. Washington may be proceeding, the Court must ultimately determine that it must dismiss his complaint for the various reasons that follow.

1.  CLAIMS AGAINST CHASE

Mr. Washington claims that Chase discriminated against him when it failed to hire him as a result of his criminal conviction. The Court can identify only two claims under which Mr. Washington could be proceeding against Chase: either a Title VII racial discrimination claim under 42 U.S.C. § 2000e,

---

[2] Likewise, the Court refers to both the FDIC and its defendant agent, John Lombard, jointly as "the FDIC" for the balance of this order.

*et seq.* (the "Title VII claim"); a Wisconsin Fair Employment Act claim under Wis. Stat. § 111.31 (the "WFEA claim"); or, though very unlikely, a 42 U.S.C. § 1983 claim for deprivation of his civil rights. Mr. Washington cannot state any plausible set of facts upon which the Court could grant relief against Chase on either of those claims (or any other claims), and therefore the Court is obliged to grant Chase's motion to dismiss the complaint as it regards Chase, under Rule 12(b)(6) and Rule 12(b)(1), as is further discussed, below.

The Court should not dismiss Mr. Washington's complaint unless it does not "contain[ ] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007)). The Court determines that is the case here, and therefore dismisses Mr. Washington's complaint as it regards Chase.

### 1.1 Title VII Claim

To begin, the Court notes that Title VII does not prohibit discrimination on the basis of a criminal record. 42 U.S.C. § 2000e-2(a).

Thus, the only potential argument that Mr. Washington could make in this regard is that Chase's refusal to hire him on the basis of his race—or perhaps failure to file an application for a waiver on his behalf—has the discriminatory effect of denying him employment on the basis of his race. Mr. Washington seems to hint at this argument in his complaint. (Docket #1, at 3 (referencing the "discriminatory effect of defendant's failure to assert plaintiff's rights.")).

Mr. Washington has not, however, asserted any facts that could support this claim, aside from broad legal conclusions. He has not alleged that members of his race were more often refused jobs on the basis of their

race or that Chase refused to file waiver applications in some racially discriminatory manner. He has not stated *any* facts upon which the Court could grant relief. Thus, dismissal of his potential Title VII claim is appropriate under Rule 12(b)(6).

Moreover, of course, Chase's reason for choosing not to hire Mr. Washington—his disqualification under Section 19—would be a legitimate business necessity, shielding Chase from liability. *See* 42 U.S.C. § 2000e-2(k)(1). Likewise, even if Mr. Washington could establish that Chase's action raised the inference of discrimination, Chase would have the opportunity to rebut that inference by offering a legitimate, nondiscriminatory reason for its refusal to hire him. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 147 (2000); *Gordon v. United Airlines, Inc.*, 246 F.3d 878, 886 (7th Cir. 2001). And Chase's reason, in this instance, is extremely strong: if it had hired him, it would be subject to the hefty penalties imposed by Section 19, because Mr. Washington had not received a waiver from the FDIC. Mr. Washington never requested that waiver from the FDIC, himself, nor did he request that Chase seek that waiver on his behalf. Furthermore, Chase had no obligation to file an application on his behalf under Section 19.[3]

For all of these reasons, the Court is obliged to conclude that Mr. Washington has failed to state facts that could plausibly establish Chase's liability under Title VII. The Court, therefore, must dismiss this count under Rule 12(b)(6).

---

[3]The Court also points out that Section 19 does not contain any private cause of action, so, to the extent that Mr. Washington wishes to assert a claim under that Section, his claim would necessarily fail. *Gress v. PNC Bank*, 100 F. Supp. 2d 289 (E.D. Pa. 2000).

### 1.2 WFEA Claim

Mr. Washington may also be attempting to state a claim under the WFEA. The WFEA is a Wisconsin law that prohibits discrimination on the basis of a conviction record. Wis. Stat. § 111.31, *et seq.* Thus, hypothetically, he may have a WFEA claim.

However, the WFEA's only path for relief is through an administrative process in Wisconsin's Department of Workforce Development; judicial review thereafter occurs under Wisconsin's Administrative Procedure Act. Wis. Stat. §§ 111.39, 111.395. There is no separate cause of action in the federal courts. *Reed v. Johnson Controls, Inc.*, 704 F. Supp. 170, 171 (E.D. Wis. 1989); *Mursch v. Van Dorn Co.*, 627 F. Supp. 1310, 1315 (W.D. Wis. 1986), *aff'd* 851 F.2d 990 (7th Cir. 1988).

Thus, the Court would not have jurisdiction to hear a WFEA claim, and, to the extent that Mr. Washington alleges such a claim, the Court would be obliged to dismiss that claim without prejudice under Rule 12(b)(1).

### 1.3 § 1983 Claim

Finally, the Court notes that Mr. Washington may be attempting to allege a claim under § 1983 that Chase violated his civil rights under color of law. His complaint references deprivation of his due process rights, among other things, for instance. (Docket #1, at 3–4).

The merits of this claim are doubtful to begin with, seeing as Mr. Washington has not alleged any facts that would support that Chase acted under color of law. Thus, dismissal of the claim under Rule 12(b)(6) is appropriate.

Moreover, Mr. Washington seemingly disclaimed this potential claim by mentioning that such a claim "is not in the best interests of law and justice

based upon the facts in this controversy." (Docket #6). Chase pointed this disclaimer out, but Mr. Washington never responded, thus waiving the claim.

For these reasons, to the extent that Mr. Washington asserted a § 1983 claim, the Court is obliged to dismiss the claim under Rule 12(b)(6).

2.  CLAIMS AGAINST THE FDIC

Any claim Mr. Washington might have against the FDIC also must be dismissed under Rule 12(b)(1) for lack of jurisdiction, because Mr. Washington lacks standing to proceed against the FDIC.

Standing requires:

(1) an injury in fact, "which is an invasion of a legally protected interest that is '(a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical,'";

(2) a causal connection between the challenged conduct and the alleged injury; and

(3) a likelihood that a favorable decision by the Court will redress the injury.

*E.g. Parvati Corp. v. City of Oak Forest, Ill.*, 630 F.3d 512, 516 (7th Cir. 2010) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)); *Allen v. Wright*, 468 U.S. 737, 751 (1984). The standing requirement limits the jurisdiction of the Court to addressing claims that present an actual case or controversy.

As mentioned above, Mr. Washington withdrew his Section 19 application before the FDIC had reached a final decision on it. Thus, the FDIC has not caused him any injury in fact. Had he waited to withdraw his application, the FDIC could have taken some action that would allegedly have harmed him, but he chose not to do so. Thus, there simply is no injury that the FDIC caused to Mr. Washington, and he cannot satisfy even the first

prong of the standing inquiry regardless of what potential claim he may have against the FDIC.

Moreover, because the FDIC never took any final, formal action on Mr. Washington's Section 19 application, the Administrative Procedure Act, 5 U.S.C. § 704, limits the Court's jurisdiction to review the FDIC's actions. *Boutte v. Duncan*, 348 Fed. App'x 151, 154 (7th Cir. 2009); *Bethlehem Steel Corp. v. Environmental Protection Agency*, 536 F.2d 156, 161 (7th Cir. 1976).

For all of these reasons, the Court lacks jurisdiction over Mr. Washington's claims against the FDIC and, accordingly, must dismiss them without prejudice under Rule 12(b)(1).

3. CONCLUSION

As discussed in further detail above, the Court is obliged to grant the defendants' motions to dismiss, and will dismiss this action. Finally, because it dismisses this case, the Court must also deny Mr. Washington's motion for injunctive relief and a pretrial conference (Docket #21) as being moot.

Accordingly,

IT IS ORDERED that Chase's motion to dismiss (Docket #27) be and the same is hereby GRANTED and Mr. Washington's Title VII and § 1983 claims be and the same are hereby DISMISSED with prejudice, pursuant to Rule 12(b)(6), and Mr. Washington's WFEA claim be and the same is hereby DISMISSED without prejudice, pursuant to Rule 12(b)(1);

IT IS FURTHER ORDERED that the FDIC's motion to dismiss (Docket #23) be and the same is hereby GRANTED and Mr. Washington's claims against the FDIC be and the same are hereby DISMISSED without prejudice, pursuant to Rule 12(b)(1); and

IT IS FURTHER ORDERED that Mr. Washington's motion for injunctive relief and a pretrial conference (Docket #21) be and the same is hereby DENIED as moot.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 18th day of November, 2013.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge